**Karen Roubenovich GEVORGYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72563.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Charles F. Gorder, Esq., Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Respondent,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Karen Roubenovich Gevorgyan, a native of the former Soviet Union, and a citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the determination that Gevorgyan's application for asylum was untimely because Gevorgyan's arrival date is an issue of disputed fact. *See* 8 U.S.C. § 1158(a)(3); *see also Ramadan v. Gonzales,* 479 F.3d 646, 656–57 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the agency's adverse credibility finding because the inconsistencies between Gevorgyan's testimony and the documentary and other evidence regarding his citizenship go to the heart of his claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Accordingly, Gevorgyan's withholding of removal claim fails.

■ Because Gevorgyan's CAT claim is based on the same testimony the agency found not credible, and Gevorgyan points to no other evidence the agency should have considered regarding the likelihood of

torture if he is removed to Armenia, his CAT claim also fails. *See id.* at 1157.

The BIA did not err in not considering the new evidence Gevorgyan attached to his brief to the BIA.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.